IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-cv-571 |
| DAVID E. WOLFENSPERGER, et al., | ) |
| Defendants. | ) |

**ORDER OF SALE**

This Court entered a final judgment against David E. Wolfensperger in this action on January 13, 2009, ordering that the United States' federal tax liens be foreclosed.

Having previously foreclosed the United States' federal tax liens on the real property commonly known as 1009 Shepherds Glen Lane, Batavia, Ohio 45103 (the "Property"), and legally described below:

> Situated in the State of Ohio, Clermont County, Union Township, Military Survey #3814, and being entire Lot #5 of the Record Plat of Shepherds Glen Subdivision, as recorded in Plat Cabinet 4, pages 433 and 434 of the Clermont County Ohio records.
>
> Subject to easements and restrictions of record, and zoning ordinances.

the Court now ORDERS that the Property be sold under title 28, United States Code, §§ 2001 and 2002, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

a. The sale of the Property shall be free and clear of the interests of David E. Wolfensperger and all parties to this action.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

d. The PALS shall announce the date and time for sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Clermont County, Ohio and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by certified or cashier's check payable to the United States District Court for the Southern District of Ohio, a minimum of twenty (20) percent of the bid. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this

requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property to the clerk of this Court within thirty (30) days following the date of the sale, by a certified or cashier's check payable to the United States District Court for the Southern District of Ohio. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the federal tax liabilities of David E. Wolfensperger at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

i. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

j. When this Court confirms the sale, the Clermont County Recorder's Office shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

k. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3. Until the Property is sold, David E. Wolfensperger, shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. He shall neither commit waste against the Property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. David E. Wolfensperger shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, David E. Wolfensperger shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the paralegal for the United States, Marion Goyette, at (202) 514-6674.

6. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the IRS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

    a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court.

    b. Second, to all unpaid and matured real property taxes that are owed to Clermont County, Ohio;

    c. Third, to the United States for all costs of this action, including the 10% surcharge permitted by 28 U.S.C. section 3011;

    d. Fourth, to ABN AMRO Mortgage Group, Inc to satisfy their mortgage on the property that was filed with the Clermont County Recorder on December 30, 1993;

    e. Fifth, to United States to satisfy the liability of David E. Wolfensperger for unpaid federal income taxes for the 1995 through 1999 tax years, plus all accrued interest, penalties, and other additions permitted by law;

f. Sixth, any balance remaining after the above payments have been made, to David E. Wolfensperger.

Signed this 8TH day of September, 2009

HONORABLE SANDRA S. BECKWITH
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO