FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISCTICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

'09 OCT -1  AM II: 54

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No.   1:07 CV 571 |
| | ) (Beckwith, J.; Hogan, MJ) |
| v. | ) |
| | ) JUDICIAL NOTICE |
| | ) |
| DAVID E. WOLFENSPERGER, and | ) (Special Appearance) |
| ABN AMRO MORTGAGE GROUP, INC. | ) |
| | ) |
| Defendants. | ) |

Defendant, again entering this court by Special Appearance, respectfully requests this Court take Judicial Notice of the Following:

I, David Elmer Wolfensperger, first being duly Sworn, state the following:

1. Defendant Wolfensperger, hereinafter Defendant, has only entered the court by Special Appearance and never by general appearance in order to challenge the jurisdiction of the court. He has never waived or consented to the jurisdiction of the court.

2. The Court has yet to offer any Proof/Evidence that it has indeed acquired In Personam Jurisdiction over Defendant, or otherwise identified the "privilege" to which Defendant had to have primarily availed himself of in order to fall within the jurisdiction of Same. (See Judicial Notice 1 Doc 49 pp. 2-4: *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968) quoting the Supreme Court in *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283,78 S. Ct.1228 (1958); *Bird v. Parsons* 289 F.3d 865, 871, 872, 874  (2002) ¶¶ 13, 16, 27, 28; *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 722, 723 (6th Cir.2000) ¶¶ 16 & 17) (See Also Judicial

Defendant Wolfensperger's
JUDICIAL NOTICE #6

1 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:       513 305-7485

Notice 4 Doc 56 p. 4-5 *World-Wide Volkwagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980); *International Shoe v. State of Washington*, 326 U.S. 310, 319 (1945))

3. The Court also has yet to offer ANY Evidence whatsoever to show that the "appellation" of "Taxpayer" is Correctly being applied to Defendant. (See Judicial Notice 4 Doc 56 p. 5-6: *C.I.R. v. Trustees of L. Inv. Ass'n.*, 100 F.2d 18, 29 (7th Circuit 1938); *Economy Plumbing and Heating v. United States*, 470 F.2d 585, 589 (United States Court of Claims 1972) quoting *Long v. Rasmussen,* Collector of Internal Revenue, et al, 281 F. 236, 238; *Botta v. Scanlon* 288 F.2d 504 (2nd Circuit 1961) at ¶ 24; *Harco Holdings, Inc. v. United States of America*, 977 F.2d 1027 (7th Circuit 1992))

4. During the course of this case, Defendant has consistently challenged jurisdiction.

5. The 6th Circuit and the Supreme Court have held "The plaintiff bears the burden of establishing that jurisdiction exists. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936); accord Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1168 (6th Cir.1988); Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir.1974). Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. Weller, 504 F.2d at 930." (See Judicial Notice 1 Doc 49 p. 5: *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ¶¶ 16 & 17) (See Also Judicial Notice 1 Doc 49 p. 2: *MAXFIELD v. LEVY*, 4 U.S. 330, 332, ¶ 20)

6. The courts have NO authority to take/exercise jurisdiction where it is not given. (See Judicial Notice 1 Doc 49 p. 6: *US v Will,* 449 US 200 (1980) quoting *Cohens v. Virginia,* 6 Wheat. 264 (1821) in Footnote 19; *Cohens v. Virginia,* 19 U.S. 6 Wheat. 264 264, 404 (1821))

---

Defendant Wolfensperger's
JUDICIAL NOTICE #6

2 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:    513 305-7485

7.  Defendant consistently made the court aware of mala fides on the part of the proponent and its officers, agents, and representatives by not providing all of the elements of their claim including jurisdictional elements, and elements of Constitutional authority. Defendant made a Constitutional Challenge to a statute per Federal Rules of Procedure Rule 5.1 and even made motion to the court to certify such challenge. Affidavits of this challenge were sent registered mail to the Attorney General, Secretary of the Treasury, President of the United States, Ohio Congresswoman Schmidt, the two Senators from Ohio, as well as the attorney for the proponent. These affidavits were entered into the court records. In these affidavits, defendant asserted that he had no knowledge of the Constitutional law/authority for their claim and demanded that they produce the law or authorities that they rely upon as well as produce all facts and/or evidence supporting their claims. The Constitutional Authority, the taxing and liability statute/s, and evidence and witnesses supporting same were withheld from Defendant during the course of this case in United States District Court, hereinafter USDC. Notice of Default was made via registered mail and submitted to the court. Notice of Estoppel was also made and submitted to the court.

8.  It was not until the case was in the 6th Circuit Court of Appeals that Proponent gave defendant even a hint as to their claimed Constitutional Authority, yet still denied Defendant knowledge of the original taxing and/or liability statute/s; and, of course, this is well after Estoppel had occurred and rights had been denied. At page 20 of their Appellee Brief, Proponent apparently makes the claim that the "sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves". Proponent relies upon several circuit court cases (*Parker v. Commissioner*, 724 F.2d 469, 471-72 (5th Cir. 1984), *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)

Defendant Wolfensperger's
JUDICIAL NOTICE #6

3 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:    513 305-7485

quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), and *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989). Each of these circuits relied upon their reading of *Brushaber v. Union Pacific R. Co.*, 240 U.S. 1 (1916). However, in Brushaber, at pages 10-11, MR. CHIEF JUSTICE WHITE, delivering the opinion of the Court, held the idea/proposition of the income tax as a Direct tax Not subject to Apportionment to be "Erroneous" because that "proposition and the contentions under it, if acceded to, would cause one provision of the Constitution to destroy another" (*id* @ p. 11-12; See also p. 21 Judicial Notice 5 Doc. 62 Item 32) (See also Defendant's response to the Appellee Brief at p. 12). The Supreme Court considered another case argued on the same days as Brushaber above, that being *Stanton v. Baltic Mining Co.*, 240 U.S. 103, (1916) and again involved issues relating to the 16th Amendment. MR. CHIEF JUSTICE WHITE, again delivering the opinion of the Court, said

> "[B]y the previous ruling, it was settled that the provisions of the Sixteenth Amendment conferred no new power of taxation, but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of the category of indirect taxation to which it inherently belonged, and being placed in the category of direct taxation". *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113 (1916) (p. 21 Judicial Notice 5 Doc 62 Item 33)

So again it is made clear that the 16 Amendment did NOT authorize a Direct Non-Apportioned tax as Proponent argues, and any circuit court opinion that argues otherwise using these same Supreme Court Cases are simply in Error, Wrong.

9. As late as 1992 the 6th Circuit in *United States of America v. Gaumer*, 972 F.2d 723, 725 (6th Cir. 1992) (p. 20 Judicial Notice 5 Doc. 62 Item 28) recognized that the Supreme Court in "Brushaber and the Congressional Record excerpt do indeed state that for constitutional purposes, the income tax is an excise tax." Gaumer went on to say that "This statement is reiterated in Stanton" referring to *Stanton v. Baltic Mining Co.*, 240 U.S. 103, (1916). Gaumer then noted that Flint, referring to *Flint v. Stone Tracy Co.*, 220 U.S. 107 (1911),

Defendant Wolfensperger's
JUDICIAL NOTICE #6

4 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:     513 753-6787
Cell:       513 305-7485

"discusses the scope of the term "excise tax"" (p. 18-19 Judicial Notice 5 Doc 62 Item 25).
And in 1990 the 6th Circuit recognized the excise character of the tax when it quoted *Llorente v. Commissioner*, 649 F.2d 152, 156 (2d Cir.1981) saying "the evidence of record must at least link the taxpayer with some tax-generating acts...." (See *United States v. Walton*, 909 F.2d 915, 918-19 (6th Cir. 1990) at ¶ 15; p. 2-3 Judicial Notice 4 Doc. 56 Item 5).

10. Yet, this whole Constitutional question is moot/of no consequence since estoppel had already occurred. Defendant had never been given the right to know the Proponent's claimed Constitutional authority and still to this day does not know the taxing and/or liability statutes upon which Proponent establishes its claims of liability. And Defendant has still not been given the right to cross-examine witnesses bringing claims against him. All of which act as denials of due process of law.

11. The Record of the USDC shows that the Court and the proponent have attempted to throw the onus probandi upon Defendant. The Supreme Court has held that the Proponent "has no right, where the point is contested, to throw the onus probandi on the defendant." (See Judicial Notice 1 Doc 49 p. 2: *MAXFIELD v. LEVY*, 4 U.S. 330, 332, ¶ 20) More recently, the Supreme Court made itself abundantly clear on the matter when it said "enforcement through procedures which place the burdens of proof and persuasion on the taxpayer is a violation of due process" (See Judicial Notice 1 Doc 49 p. 2: *Speiser v. Randall*, 357 U.S. 513, 529 (1958)) and again in reference to the states when it said "we hold that the enforcement of § 19 of Art. XX of the State Constitution through procedures which place the burdens of proof and persuasion on the taxpayer is a violation of due process". (See Judicial Notice 1 Doc 49 p. 2: *First Unitarian Church v. Los Angeles*, 357 U.S. 545, 547 (1958))

---

Defendant Wolfensperger's
JUDICIAL NOTICE #6

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:    513 305-7485

12. *Blackmer v. United States*, 284 U.S. 421, 436 (1932):

"the legislation of the Congress, unless the contrary intent appears, is construed to apply only within the territorial jurisdiction of the United States"

13. *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949):

"The canon of construction which teaches that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States, *Blackmer v. United States, supra,* at 284 U. S. 437, is a valid approach whereby unexpressed congressional intent may be ascertained."

*14. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152-154 (1908):

Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit -- that is, the plaintiff's original cause of action -- arises under the Constitution. In *Tennessee v. Union & Planters' Bank*, 152 U. S. 454, the plaintiff, the State of Tennessee, brought suit in the circuit court of the United States to recover from the defendant certain taxes alleged to be due under the laws of the state. The plaintiff alleged that the defendant claimed an immunity from the taxation by virtue of its charter, and that therefore the tax was void because in violation of the provision of the Constitution of the United [Page 211 U. S. 153] states, which forbids any state from passing a law impairing the obligation of contracts. The cause was held to be beyond the jurisdiction of the circuit court, the court saying, by Mr. Justice Gray (p. 152 U. S. 464):

"A suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws."

Again, in *Boston & Montana Consolidated Copper & Silver Mining Company v. Montana Ore Purchasing Company,* 188 U. S. 632, the plaintiff brought suit in the circuit court of the United States for the conversion of copper ore and for an injunction against its continuance. The plaintiff then alleged, for the purpose of showing jurisdiction, in substance, that the defendant would set up in defense certain laws of the United States. The cause was held to be beyond the jurisdiction of the circuit court, the Court saying, by MR. JUSTICE PECKHAM (pp. 188 U. S. 638-639):

"It would be wholly unnecessary and improper, in order to prove complainant's cause of action, to go into any matters of defense which the defendants might possibly set up, and then attempt to reply to such defense, and thus, if possible, to show that a federal question might or probably would arise in the course of the trial of the case. To allege such

| Defendant Wolfensperger's | David E. Wolfensperger |
|---|---|
| JUDICIAL NOTICE #6 | 1009 Shepherds Glen Lane |
| | Batavia, Ohio [45103] |
| 6 of 9 | dwolfensperger@cinci.rr.com |
| | Home:    513 753-6787 |
| | Cell:    513 305-7485 |

defense and then make an answer to it before the defendant has the opportunity to itself plead or prove its own defense is inconsistent with any known rule of pleading, so far as we are aware, and is improper."

"The rule is a reasonable and just one that the complainant in the first instance shall be confined to a statement of its cause of action, leaving to the defendant to set up in his answer what his defense is, and, if anything more than a denial of complainant's cause of action, imposing upon the defendant the burden of proving such defense."

"Conforming itself to that rule, the complainant would not, in the assertion or proof of its cause of action, bring up a single federal question. The presentation of its cause of action would not show that it was one arising under the Constitution or laws of the United States. "

Page 211 U. S. 154

"The only way in which it might be claimed that a federal question was presented would be in the complainant's statement of what the defense of defendants would be, and complainant's answer to such defense. Under these circumstances, the case is brought within the rule laid down in *Tennessee v. Union & Planters' Bank, supra.* That case has been cited and approved many times since."

The interpretation of the act which we have stated was first announced in *Metcalf v. Watertown,* 128 U. S. 286, and has since been repeated and applied in *Colorado Central Consolidating Mining Company v. Turck,* 150 U. S. 138, 150 U. S. 142; *Tennessee v. Union & Planters' Bank,* 152 U. S. 454, 152 U. S. 459; *Chappell v. Waterworth,* 155 U. S. 102, 155 U. S. 107; *Postal Telegraph Cable Company v. Alabama,* 155 U. S. 482, 155 U. S. 487; *Oregon Short Line & Utah Northern Railway Company v. Skottowe,* 162 U. S. 490, 162 U. S. 494; *Walker v. Collins,* 167 U. S. 57, 167 U. S. 59; *Muse v. Arlington Hotel Co.,* 168 U. S. 430, 168 U. S. 436; *Galveston &c. Railway v. Texas,* 170 U. S. 226, 170 U. S. 236; *Third Street & Suburban Railway Company v. Lewis,* 173 U. S. 457, 173 U. S. 460; *Florida Central & Peninsular Railroad Company v. Bell,* 176 U. S. 321, 176 U. S. 327; *Houston & Texas Central Railroad Company v. Texas,* 177 U. S. 66, 177 U. S. 78; *Arkansas v. Kansas & Texas Coal Company,* 183 U. S. 185, 183 U. S. 188; *Vicksburg Waterworks Company v. Vicksburg,* 185 U. S. 65, 185 U. S. 68; *Boston & Montana Consolidated Copper & Silver Mining Company v. Montana Ore Purchasing Co.,* 188 U. S. 632, 188 U. S. 639; *Minnesota v. Northern Securities Company,* 194 U. S. 48, 194 U. S. 63; *Joy v. City of St. Louis,* 201 U. S. 332, 201 U. S. 340; *Devine v. Los Angeles,* 202 U. S. 313, 202 U. S. 334. The application of this rule to the case at bar is decisive against the jurisdiction of the circuit court.

It is ordered that the

*Judgment be reversed, and the case remitted to the circuit court with instructions to dismiss the suit for want of jurisdiction. "*

Defendant Wolfensperger's
JUDICIAL NOTICE #6

7 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:      513 753-6787
Cell:        513 305-7485

15. Nothing in the complaint or pleadings of the Proponent shows the intent of Congress to extend the jurisdiction of federal statutes listed in the Complaint under 26 U.S.C. §§ 7401, 7402, 7403, 6673, 6321, 6322 or 28 U.S.C. §§ 1331, 1340, or 1345 beyond the territorial jurisdiction of the United States. (See *Blackmer v. United States*, 284 U.S. 421, 436 (1932) and *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949); see 12 & 13 above)  And therefore its claims may not be considered a Case or Controversy under Article III of the Constitution. (See *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); see 14 above)

Defendant Wolfensperger's
JUDICIAL NOTICE #6

8 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:    513 305-7485

Respectfully submitted with reservation of all rights:

Dated: _9-30-2009_   _David Elmer Wolfensperger_

David Elmer Wolfensperger, Sui Juris in propria persona

1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home: 513 753-6787
Cell:   513 305-7485

### Verification

The Undersigned Affiant, David Elmer Wolfensperger, does herewith swear, declare, and affirm that Affiant issues the statements above with sincere intent, that Affiant is competent to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and reasonable and just in accordance with Affiant's best firsthand knowledge and understanding.

Further Affiant Saith Naught.

Dated the _30th_ Day of the _9th_ Month in the Year of our Lord 2009.

_David Elmer Wolfensperger_ Date: _9-30-2009_
David Elmer Wolfensperger
c/o 1009 Shepherds Glen Lane
Batavia, Ohio [45103]

Petitioner/Affiant _____

Subscribed and sworn to me, a notary, on the ___30___ Day of _September_ 2009,

in the County of _Clermont_

in the State of _Ohio_

_____
Notary Public

My Commission Expires:

CHARLES J. STEPHAN III
Notary Public, State of Ohio
My Commission Expires
June 10, 2012

---

Defendant Wolfensperger's
JUDICIAL NOTICE #6

9 of 9

David E. Wolfensperger
1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:    513 305-7485

## CERTIFICATE OF SERVICE

I certify that service of the following documents:
   o   JUDICIAL NOTICE 6

Upon the UNITED STATES OF AMERICA to the following addresses:

Certified Mail Receipt Number:   7006 2760 0002 1108 7618

JOSEPH R. RODRIGUEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Parties may access this file and its Exhibits if any through the court's CM/ECF System.

Executed this _____ day of _____ 2009.

David Elmer Wolfensperger, Sui Juris in propria persona

1009 Shepherds Glen Lane
Batavia, Ohio [45103]
dwolfensperger@cinci.rr.com
Home:    513 753-6787
Cell:       513 305-7485